UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LORILLARD TOBACCO COMPANY,
a Delaware Corporation,

                                                  Case No.  05-71052

        Plaintiff,

v.                                               District Judge Nancy G. Edmunds
                                                  Magistrate Judge R. Steven Whalen

ALBARAKA MINI MART, INC.,
a Michigan Corporation,

        Defendant.

_____/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion for Sanctions [Docket #34], which has been referred pursuant to 28 U.S.C. §636(b).  Because the particular sanction requested–entry of a default judgment against the Defendant–converts this into a dispositive motion, it is necessary to proceed by Report and Recommendation rather than opinion and order.  *See* 28 U.S.C. §636(b)(1)(B).  For the reasons set forth below, I recommend that Plaintiff's motion be granted, and that a default judgment be entered against Defendant.

**I.   FACTS**

The Complaint in this case is based on the Defendant's alleged sale of counterfeit

cigarettes.[1]  Plaintiff served discovery requests, including interrogatories and requests for production of documents, in April and May of 2005.  Receiving neither responses nor objections from the Defendant, Plaintiff filed a motion to compel discovery on July 22, 2005.  At the hearing on that motion, counsel for Defendant indicated that he was having difficulty obtaining cooperation from the Defendant, or for that matter, even contacting the Defendant.  On September 13, 2005, the undersigned entered an order granting the Plaintiff's motion to compel and directing the Defendant to provide the requested discovery within fourteen days.  The Court also ordered the Defendant to pay $500.00 to Plaintiff for attorney fees and costs.  Finally, the order included the following warning, in upper-case, bold-face type:

> **DEFENDANT'S FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN FURTHER SANCTIONS, INCLUDING ENTRY OF DEFAULT JUDGMENT AND SANCTIONS FOR CONTEMPT OF COURT.**

In the present motion, Plaintiff states that it has received neither the requested discovery nor a check for $500.00.  At oral argument, Defendant's counsel stated that despite his efforts to locate his clients, he has been unable to do so.[2]  No written response was filed to this motion.

---

[1] The specific claims include (1) trademark infringement in violation of 15 U.S.C. §1114(1); (2) false representations in violation of 15 U.S.C. §1125(a); (3) unfair competition in violation of Michigan statutory and common law; (4) violations of the Michigan Consumer Protection Act, M.C.L. 445.901, *et. seq.*; and (5) misrepresentation under Michigan common law.

[2] Counsel, who has also filed a motion to withdraw, stated that when he drove to the Albaraka Mini Mart, he was informed that there were new owners, even though State of Michigan records indicated no change of status in the corporation or its officers or directors.

## II.     LEGAL PRINCIPLES

In general, Rule 37 provides for sanctions for failure to make disclosures or cooperate in discovery.  Rule 37(b) provides for sanctions where a party fails to comply with a court order regarding discovery, including, under Rule 37(b)(2)( C ), entry of default judgment where it is the defendant who has been disobedient.  A motion for sanctions under this Rule is addressed to the Court's discretion.  *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Regional Refuse Systems, Inc. V. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th cir. 1988).  The Court's discretion is informed by the four-part test described in *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997):  (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed or defaulted party was warned that failure to cooperate could lead to dismissal or entry of default judgment; and (4) whether less drastic sanctions were imposed or considered before dismissal or default judgment was ordered.  *See also Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

In deciding whether to impose "the draconian sanction" of default judgment, the first factor–the party's willfulness or bad faith in failing to comply with a discovery order–looms large.  *Intercept Security Corp. V. Code-Alarm, Inc.*, 169 F.R.D. 318, 321-22 (E.D. Mich. 1996), citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958).   In addition, a prior warning that failure to comply with a discovery order will result in dismissal is pivotal both

to the determination of willfulness and to the ultimate decision to dismiss. *See Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

### III.   ANALYSIS

#### A. Willfulness or Bad Faith

Willfulness is defined as a "conscious and intentional failure to comply with the court order." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995). The burden is on the disobedient party "to show that the failure was due to inability and not to willfulness, bad faith, or fault." *Intercept Security*, at 322; *Regional Refuse Systems, supra*, 842 F.2d at 154. In this case, the Defendant has shown no inclination to respond to discovery requests, to comply with this Court's orders, or even to cooperate with its own attorney. Defendant's conduct has been willful and brazen. The first *Harmon* factor therefore weighs heavily against the Defendant.[3]

#### B.   Prejudice to Plaintiff

The discovery cut-off date of January 1, 2006 is only weeks away, yet Defendant has produced nothing in the way of discovery. Indeed, the Defendant has blatantly stymied Plaintiff's ability to obtain discovery relevant to the defense of this lawsuit. *See Maldonado v. Thomas M. Cooley Law School, et.al.*, 65 Fed.Appx. 955 (6th Cir. 2003)(unpublished) ("Further, the existence of prejudice is clear. Maldonado has completely thwarted the

---

[3]It is important to note that my harsh criticism of the Defendant's nonfeasance is not directed at Defendant's attorney, who is in the unenviable position of having an apparently difficult and uncooperative client.

defendants' legitimate attempts to conduct discovery"). The prejudice to the Plaintiff weighs against the Defendant and in favor of entry of default judgment.

### C.   Prior Warning

In this Court's September 13, 2005 Order granting the motion to compel, the Plaintiff was warned in no uncertain terms that default judgment was in the cards. This clear warning should be given substantial weight. *Harris v. Callwood, supra*.

### D.   Consideration of Less Drastic Sanctions

In the September 13, 2005 Order, this Court considered and imposed a monetary sanction of $500.00, which Defendant has ignored. Giving Defendant yet another chance would be futile.

All four of the *Harmon* factors–especially the Defendant's willfulness and the prior warning given to him–weigh strongly in favor of imposing the drastic sanction of entry of default judgment in favor of the Plaintiff.[4]

### IV.   CONCLUSION

For these reasons, I recommend that Plaintiff's Motion for Sanctions [Docket #34] be GRANTED, and that a default judgment be entered in favor of Plaintiff, pursuant to

---

[4]Plaintiff has filed a separate motion for default judgment [Docket #37] under Fed.R.Civ.P. 16(f), based on Defendant's failure to comply with the Court's scheduling order. Rule 37(b) sanctions, which are the subject of the present motion, are incorporated into Rule16(f).

Fed.R.Civ.P. 37(b)(2)(C).[5]

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                S/R. Steven Whalen
                                                R. STEVEN WHALEN
                                                UNITED STATES MAGISTRATE JUDGE

---

[5] There remains the question of damages, which may be the subject of a subsequent evidentiary hearing.

Dated:  December 15, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 15, 2005.

S/Gina Wilson
Judicial Assistant

Dated: December 15, 2005